UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| MICHIGAN CITY, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 3:20-CV-608-JD-MGG |
| | ) |
| HAYS-REPUBLIC CORP., et al., | ) |
| | ) |
| Defendants. | ) |

**OPINION AND ORDER**

This is the second case brought by Michigan City and the Michigan City Redevelopment Commission (collectively "the City") to recover damages from the contamination of real property. The state court consolidated this case with and into the first action filed by the City. Afterwards, UniControl, Inc., a defendant in this case, filed a notice of removal in this court alleging diversity jurisdiction exists. The City promptly responded with a motion to remand. The Court now grants the motion and remands this case for further proceedings in the state court.

I.  FACTUAL BACKGROUND

This case deals with decades of contamination of several parcels of land in Michigan City, Indiana. Beginning in 2003, the City began acquiring a number of contaminated properties through the use of adverse possession, tax sales, and other mechanisms. Since acquiring the properties, the City has undergone several initiatives to remove and remediate the contaminated soil and groundwater of these properties.

On July 20, 2015, the City sued several defendants that at one time owned or operated the contaminated properties. Several years later, on February 28, 2020, the City filed this second suit after discovery revealed other past owners and operators of one of the contaminated properties. Soon after, on March 2, 2020, the City moved to consolidate its two cases because they involve

common questions of law and fact, including overlapping properties at issue and identical causes of action.

The state court granted that motion the following day, ordering the second action was consolidated "with and into" the first action. [DE 21-6 at 1]. The same day the court consolidated the cases, the first action defendants moved for the court to reconsider the issue of consolidation because they did not have the opportunity to respond or object to the motion. They requested the court vacate the consolidation order and set a hearing on the matter. On March 6, 2020, the state court granted their motion and set a hearing on the matter. That hearing was delayed for some time due to the COVID-19 pandemic.

On July 21, 2020, UniControl removed the case to this court by filing a notice of removal. In its notice of removal, UniControl asserted the citizenship of the second action defendants, but none of the first action defendants. The City responded with a motion to remand, which has been fully briefed. On September 3, 2020, while briefing for the motion to remand was ongoing, the state court issued its decision denying the motion to reconsider consolidation and ordering that the March 3, 2020 consolidation order "remains in place." [DE 26-1 at 2].

## II.  Standard of Review

A state court defendant has a limited right to remove a civil action to a federal district court only if the district court has original jurisdiction over the action. *See* 28 U.S.C. § 1441; *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 510 (7th Cir. 2007). Federal courts have original jurisdiction over cases involving diversity of citizenship or a federal question. 28 U.S.C. §§ 1331, 1332; *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802 (7th Cir. 2009).

Diversity jurisdiction under 28 U.S.C. § 1332(a) exists where the action is between citizens of different states and the amount in controversy exceeds $75,000. *See Micrometl Corp.*

*v. Tranzact Techs., Inc.*, 656 F.3d 467, 470 (7th Cir. 2011). Parties must be completely diverse, meaning that no plaintiff may be from the same state as any defendant. *See Smart*, 562 F.3d at 803. The burden of establishing federal jurisdiction falls on the party seeking removal. *See id.* at 802-03; *Oshana*, 472 F.3d at 511. Further, courts should interpret the removal statute narrowly and resolve any doubts regarding jurisdiction in favor of remand. *See Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 758 (7th Cir. 2009).

### III.  DISCUSSION

The City attacks UniControl's notice of removal on two fronts: (1) lack of subject matter jurisdiction and (2) timeliness. In addition to seeking remand, the City is seeking an award of its attorney fees and costs because it believes UniControl lacked any objectively reasonable basis for seeking removal.

**A.    Subject Matter Jurisdiction and Timeliness**

The City argues that the state court's consolidation of the cases destroyed diversity in this case. In response, UniControl claims the consolidation order was "improvidently entered," but that is not for this court to second-guess. Any argument against the propriety of that order should be raised with the state court. UniControl next claims the consolidation order was "vacated" when the state court granted the motion to reconsider and set a hearing. That was a tenable position until a recent update from the state court.

At the time UniControl filed its notice of removal, the state court had granted the motion filed by the first action defendants. [DE 21-6]. That motion requested the state court vacate the consolidation order and set a hearing on the merits of the City's motion to consolidate. [DE 21-7 at 2-4]. The City responded to that motion and reported the objecting defendants had agreed to keep the consolidation order in place while the motion to reconsider was pending. [DE 21-8 ¶ 4]. The court's subsequent order granting the motion was not clear as to which requested relief was

3

granted, other than setting a hearing for the matter. [1] On September 3, 2020, the court entered an order denying the motion to reconsider and ordered that the consolidation order "remains in place." [DE 26-1]. The court's language suggests that the motion to reconsider had never previously been adjudicated and that the consolidation order was never vacated as it found no need to reinstate or revive the order. Based on the September 3, 2020 order, consolidation has actively been in place since March 3, 2020, long before UniControl's removal in July.

The question then is what effect consolidation had on UniControl's ability to remove this case. The consolidation of state cases may affect their removability, but that depends on how the consolidation operates under state law. *See, e.g.*, *Bridewell-Sledge v. Blue Cross*, 798 F.3d 923, 929-30 (9th Cir. 2015) (finding cases consolidated "for all purposes" merged the cases into one single proceeding under California law and must be remanded together); *Lakewood Prairie, LLC v. Ibarra Concrete Co.*, 2008 U.S. Dist. LEXIS 46185, at *8 (N.D. Ill. May 27, 2008) (finding consolidated cases had merged together into a single action under Illinois law); *Lerille v. Monsanto Corp.*, 2007 U.S. Dist. LEXIS 57403, at *9-10 (E.D. La. Aug. 6, 2007) (finding consolidated cases retained separate identities under Louisiana law); *Rasmussen v. Fleetwood Enters.*, 2007 U.S. Dist. LEXIS 26424, at *9-12 (E.D. Mich. Apr. 10, 2007) (same under Michigan law).

The general rule under Indiana law is that consolidated cases retain their separate identities. *Clarkson v. Neff*, 878 N.E.2d 240, 246 (Ind. Ct. App. 2007); *Gray v. Westinghouse Elec. Corp.*, 624 N.E.2d 49, 55 (Ind. Ct. App. 1993) ("consolidation of similar cases is permitted as a matter of convenience and economy, but, it does not merge the suits into a single cause or change the rights or duties of the parties"). This tracks the traditional interpretation of the federal

---

[1] "[H]aving carefully considered the Defendants' [] Motion to Reconsider and Set Hearing now GRANTS same and sets this matter for a hearing to be coordinated by counsel." [DE 21-6].

rule of consolidation, Fed. R. Civ. P. 42(a), which the Indiana rule mirrors. *See Figg & Muller Eng'rs, Inc. v. Petruska*, 477 N.E.2d 968, 970 (Ind. Ct. App. 1985) (using federal cases interpreting Fed. R. Civ. P. 42(a) because it is "identical" to Indiana Trial Rule 42(A)); *see also New West v. City of Joliet*, 2012 U.S. Dist. LEXIS 12756, at *19 (N.D. Ill. Jan. 31, 2012) ("[t]he traditional rule is that consolidation under Rule 42, however, does not create a single lawsuit"). It makes the most sense to keep case identities separate "where consolidated cases present varied issues or affect different parties," *Clarkson*, 878 N.E.2d at 246, but Indiana courts have at least suggested that consolidated cases may lose their separate identities and affect each other if they are so similar, *see id.* (holding notice filed in one of two consolidated cases served as notice in the other because the cases were "virtually identical"); *see also Gill v. Gill*, 2013 Ind. App. Unpub. LEXIS 1067, at *14 (Ind. Ct. App. Aug. 14, 2013) (unpublished) ("cases need not retain distinct identities, however, where the parties and issues are identical").

Whether the two state cases here have merged into one identity is ambiguous. There are facts pointing in both directions. The two underlying cases in this action are "virtually identical," *i.e.*, they were brought by the same plaintiffs, they seek relief for the contamination of the same properties, and they assert the same causes of action. *See Clarkson*, 878 N.E.2d at 246. The court ordered the second case be consolidated "with and into" the first action and without qualification as to discovery or trial purposes. *Cf. Poole v. Poppell*, 2019 U.S. Dist. LEXIS 52799, at *7 (E.D. La. Mar. 27, 2019) (finding the actions consolidated into a single action because "[t]he state court order . . . did not limit consolidation for either discovery or trial purposes only or in any other manner"). They were presided over by the same judge until defendant Milton Roy, LLC requested the appointment of a special judge, which the court granted. The two cases have always maintained separate cause numbers and have separate dockets, which cuts against the

5

cases having been merged into one identity. *Cf. Lakewood Prairie, LLC*, 2008 U.S. Dist. LEXIS 46185 at *9-10 (finding state cases were one action when the court ordered those consolidated cases "into" another case and that "all future pleadings shall reflect" the one cause number). Of course, it could be that any merging of the cases has been delayed by the motion to reconsider and now this pending federal action. Suffice to say, the court cannot discern the intent of the state court from the facts provided.

The effect of the consolidation order is of great import—if the cases have merged into one identity, UniControl has submitted a procedurally deficient notice of removal, failing to establish citizenship of all defendants.[2] *See McMahon v. Bunn-O-Matic Corp.*, 150 F.3d 651, 653 (7th Cir. 1998). It is also potentially jurisdictionally deficient because one of the first action defendants, Srawan Verma, could destroy diversity as he is a lifelong Indiana resident and likely an Indiana citizen. [DE 26-1 at 2]. UniControl has the burden of establishing complete diversity in this case, *see Schur*, 577 F.3d at 758; but its main argument against the effect of the consolidation order is that it was vacated at the time of removal—which a subsequent order has shown not to be true. If UniControl believes the consolidation order did not create a single action, it should address that with the state court. *See Receivership Estate of Mann Braken, LLP v. Cline*, 2012 U.S. Dist. LEXIS 98228, at *14-15 (D. Md. July 13, 2012) ("Instead of addressing the issue of his consolidation order in state court, Defendants decided to challenge [the consolidation] order in federal court."). In a case where such ambiguity lies, remand is favored. *See Schur*, 577 F.3d at 758; *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993) ("Any

---

[2] The City has always understood the actions to be fully consolidated and represented as much to the state court. As represented in its response to the motion to reconsider, vacating the consolidation order would cause "the two actions [to] be bifurcated, and the defendants in the second action could attempt to remove the case to federal court based on diversity jurisdiction . . . . That would unnecessarily complicate these proceedings." [DE 21-8 ¶ 3].

doubt regarding jurisdiction should be resolved in favor of the states."). The Court, therefore, grants the City's motion to remand.

Because the Court is remanding on other grounds, the City's timeliness argument becomes inconsequential. It is still important, however, for the Court's later assessment of the reasonableness of UniControl's attempt at removal. Of course, UniControl's removal was based on its incorrect, albeit reasonable, belief that the two actions were not consolidated at the time of removal. Based on those assumed facts, the Court finds UniControl's removal would have been timely.

Neither the amount in controversy nor the citizenship of co-defendant Milton Roy were clearly set forth on the face of the complaint,[3] so the clock to remove had not been triggered. *See* 28 U.S.C. §§ 1446(b)(1), (b)(3); *Walker v. Trailer Transit, Inc.*, 727 F.3d 819, 823 (7th Cir. 2013). The clock would have been triggered upon UniControl's receipt of some other litigation paper establishing the amount in controversy and Milton Roy's citizenship. *See* 28 U.S.C. § 1446(b)(3) (30-day window opens after defendant's receipt of "an amended pleading, motion, order or other paper from which it may first be ascertained" that the case is removable); *Walker*, 727 F.3d at 823-24 (adopting a bright-line rule that the "30-day removal clock is triggered *only* by the defendant's receipt" of a post-complaint pleading or other paper facially revealing the grounds for removal and is not triggered based on the defendant's subjective knowledge); *Hostetler v. Johnson Controls, Inc.*, 2016 U.S. Dist. LEXIS 89278, at *8-9 (N.D. Ind. July 11, 2016) (same). Although the parties disagree as to the date UniControl received papers disclosing the amount in controversy, the clock would not have been triggered until UniControl received

---

[3] The City's complaint does not specify an amount in controversy and alleges Milton Roy, LLC has its primary place of business in Pennsylvania. The citizenship of an LLC is the citizenship of each of its members. *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007). On June 22, 2020, Milton Roy responded to UniControl's discovery request and stated its members are all citizens of Delaware.

7

Milton Roy's discovery response confirming its citizenship on June 22, 2020.[4] This means UniControl had until July 22, 2020 to file its notice of removal, thus making its July 21, 2020 removal timely under the facts it believed to be true.

**B.     Attorney Fees and Costs**

The City has requested its reasonable attorney fees and costs for responding to the notice of removal. Congress has enacted a fee shifting scheme, allowing courts the discretion to award plaintiffs' costs and expenses incurred as a result of removal. 28 U.S.C. § 1447(c). Such an award is not automatically entitled upon remand. *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 140 (2005). An automatic award of fees would deter defendants from exercising their right to a federal forum except in cases where the right to remove is obvious. *Id.* Thus, the court should only award fees and costs where the removing party lacked an objectively reasonable basis for seeking removal. *Id.* at 141; *see also Wolf v. Kennelly*, 574 F.3d 406, 411 (7th Cir. 2009). "[W]hen an objectively reasonable basis exists, fees should be denied." *Martin*, 546 U.S. at 141.

The standard for whether an objectively reasonable basis exists is not unlike the standard determining qualified immunity for state officials. *See Wolf*, 574 F.3d at 411. "[J]ust as the qualified immunity doctrine attempts to protect zealous law enforcement, the removal statute encourages litigants to make liberal use of federal courts, so long as the right to remove is not abused." *Id.* (citing *Lott v. Pfizer, Inc.*, 492 F.3d 789, 793 (7th Cir. 2007)). The courts should then apply this general test:

---

[4] Courts apply § 1446(b)(3) literally, *see Walker*, 727 F.3d at 823-24, meaning UniControl's subjective knowledge of its co-defendant's citizenship is irrelevant and the clock would have only begun upon actual receipt of a triggering "other paper," *i.e.*, Milton Roy's discovery response. There is no reason to believe the bright-line rule established in *Walker* would apply any differently to the citizenship requirement as it does the amount in controversy.

8

> [I]f, at the time the defendant filed his notice in federal court, clearly established law demonstrated that he had no basis for removal, then a district court should award a plaintiff his attorneys' fees. By contrast, if clearly established law did not foreclose a defendant's basis for removal, then a district court should not award attorneys' fees.

*Id.* (quoting *Lott*, 492 F.3d at 793). None of the bases asserted by the City warrant an award of fees in this circumstance.

As the Court has detailed, the status of the cases in the LaPorte County Circuit Court was and is ambiguous. At the time UniControl filed its notice of removal, there was an order from the state court that could be interpreted as granting the motion to reconsider consolidation. It was not until this motion to remand was being briefed that the state court issued an order clarifying the status of consolidation. Even if the consolidation order had clearly been in effect, the Court has discussed that the effect of that consolidation is unclear under Indiana law. The Court also finds that UniControl, acting under the understandable belief that the actions were not consolidated, would have filed a timely notice of removal. In short, there is no established law that foreclosed UniControl's basis for removal. *See id.* For these reasons, the Court must deny the City's request for costs and attorney fees.

## IV.  CONCLUSION

For the foregoing reasons, the Court GRANTS the City's motion to remand [DE 20] and REMANDS this case to the LaPorte County Circuit Court; however, the Court DENIES the City's request for attorney fees and costs. The Court further DENIES AS MOOT all other pending motions to be resolved with the state court on remand. This order terminates the case.

SO ORDERED.

ENTERED:  September 28, 2020

/s/ JON E. DEGUILIO
Chief Judge
United States District Court

9